UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re: | : |
|  | : Chapter 11 |
| KOLESZAR FARM, LLC, | : |
|  | : Bankruptcy No. 21-11653-amc |
| *Debtor.* | : |
|  | : |

**OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY
REGIONAL BANKRUPTCY CENTER OF SOUTHEASTERN PA
AND ROGER V. ASHODIAN
BY THE UNITED STATES TRUSTEE**

The United States trustee for Region 3, ("UST") by and through the undersigned counsel, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. Section 586(a), hereby interposes an Objection to the Motion of the Debtor for entry of an order authorizing and approving the employment and retention of Regional Bankruptcy Center of Southeastern PA and Roger V. Ashodian as counsel for the Debtor pursuant to Section 327(a) of Title 1 1 of the United States Code (the "Bankruptcy Code"), (the "Application"), as follows:

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. Debtor seeks to employ counsel pursuant to **Section 327(a)** of the Bankruptcy Code. Section 327(a) provides that a court may approve the employment of attorneys only if they "do not hold or represent an interest adverse to the estate" and they are "disinterested persons." 11 U.S.C. § 327(a). These two prohibitions on employment set forth two separate standards for disqualification. *Pillowtex,* 304 F.3d at 252 n. 4. The first prohibits attorneys from holding or representing any "interest adverse to the estate." *Id.* The second prohibits attorneys who are not disinterested from providing representation. *Id.* A disinterested person is one that "does not have an interest materially adverse to the interest of the estate .... by reason of any direct or **indirect relationship to, connection with**, or interest in the debtor, or for any other reason." (*Emphasis added*) 11 U.S.C. § 101(14)(c). "Thus, a professional may not have *any* conflict with the estate, while a conflict with creditors must be 'material.' " *Pillowtex,* 304 F.3d at 252 n. 4.

4. Prior to filing for relief, proposed counsel performed work and rendered services to the Debtor. Debtor's application fails to disclose fees charged and/or paid within 90 days of filing for bankruptcy relief thereby impairing the court and interested parties from making the analysis required by the Third Circuit. *In re Pillowtex, Inc.,* 304 F.3d 246, at 251 (3rd Cir. 1991).

5. Further, the Application fails to disclose the full nature and extent of proposed counsel's representation of Debtor's insider(s) in related matter(s), including but not limited to that certain adversary action pending before this Court at Docket #21-00019 (Judith M. Antunes and Manuel Antunes Sr. v. Robert H. Holber, et al.).

6. In short, proposed counsel for the Debtor fails to make full and sufficient disclosures for the court and interested parties to determine whether the firm is a "disinterested person" as required under 11 U.S.C. § 327(a).

FOR THE FOREGOING REASONS, the Motion of the Debtors to employ counsel should be denied.

                                         Respectfully submitted,

**June 17, 2021**           **Andrew R. Vara**
                                      **UNITED STATES TRUSTEE**
                                      **Region 3**

                               **BY:** _/s/ George M. Conway_
                                      George M. Conway, Esquire
                                      Trial Attorney
                                      200 Chestnut Street, Suite 502
                                      Philadelphia, PA 19106
                                      Tel: 215-597-8418
                                      Email: george.m.conway@usdoj.gov