**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**

| | | |
|---|---|---|
| **KOLESZAR FARM LLC,** | **:** | **CHAPTER 11** |
| | **:** | |
| **Debtor.** | **:** | **BANKRUPTCY NO. 21-11653-amc** |

**APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED**
**IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL**

**I.    DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

The docket of the case should be included in the record on appeal, plus each of the

individual items listed below by docket number, along with any attachments thereto.

1. Docket No. 1 – Voluntary Chapter 11 Petition

2. Docket No. 2 – Corporate Resolution

3. Docket No. 3 – Disclosure of Attorney Compensation

4. Docket No. 4 – Entry of Appearance on Behalf of U.S. Trustee

5. Docket No. 8 – Application to Employ Regional Bankruptcy Center of Southeastern PA, P.C. as Counsel for Debtor

6. Docket No. 13 – U.S. Trustee's Objection to Application to Employ

7. Docket No. 14 – Hearing Set on Objection to Application to Employ

8. Unnumbered Docket Entries on 6/22/21 – Receipt; Fee paid in full

9. Docket No. 17 – Application to Extend Time to File [bankruptcy documents]

10. Docket No. 18 – Entry of Appearance on behalf of Wilmington Trust, National Association

11. Docket No. 19 – Wilmington Trust National Association Motion for Relief from Stay Nunc Pro Tunc

12. Docket No. 20 – Notice of Wilmington Trust National Association Motion for Relief

from Stay Nunc Pro Tunc

13. Docket No. 21 – Order Granting Application to Extend Time to File [bankruptcy documents]

14. Docket No. 23 – Amended Order Granting Application to Extend Time to File [bankruptcy documents]

15. Docket No. 27 – Application to Further Extend Time to File [bankruptcy documents]

16. Docket No. 28 – U.S. Trustee's Objection to Application to Further Extend Time to File [bankruptcy documents]

17. Docket No. 29 – Hearing Set on Application to Further Extend Time to File [bankruptcy documents]

18. Docket No. 30 – Hearing Continued on Objection to Application to Employ

19. Docket No. 32 – Debtor's Response to Wilmington Trust National Association Motion for Relief from Stay Nunc Pro Tunc

20. Docket No. 33 – Exhibit A to Debtor's Response to Wilmington Trust National Association Motion for Relief from Stay Nunc Pro Tunc

21. Docket No. 34 – Debtor's Schedule A/B

22. Docket No. 35 – Debtor's Schedule D

23. Docket No. 36 – Debtor's Schedule E/F

24. Docket No. 37 – Debtor's Schedule G

25. Docket No. 38 – Debtor's Schedule H

26. Docket No. 39 – Debtor's Summary of Assets and Liabilities and Certain Statistical Information

27. Docket No. 40 – Debtor's List of Creditors Who Have 20 Largest Unsecured Claims

28. Docket No. 41 – Debtor's Declaration on Schedules, Summary and List of 20 Largest Unsecured Creditors

29. Docket No. 42 – Debtor's Statement of Financial Affairs

30. Docket No. 43 – Debtor's Statement of Corporate Ownership

31. Docket No. 44 – Debtor's Statement of Equity Security Holders

32. Docket No. 45 – Debtor's Supplemental Statement Pursuant to 11 U.S.C. §1116(b)

33. Docket No. 46 – Matrix List of Creditors

34. Docket No. 47 – Monthly Operating Report for June, 2021

35. Docket No. 48 – Hearing Continued on Wilmington Trust National Association Motion
        for Relief from Stay Nunc Pro Tunc

36. Docket No. 49 – Hearing Held on Application to Further Extend Time to File
        [bankruptcy documents] – moot; documents filed

37. Docket No. 50 – Hearing Continued on Objection to Application to Employ

38. Docket No. 51 – Meeting of Creditors.  341(a) meeting to be held on 8/24/21 at 1:00 PM

39. Docket No. 54 – Hearing Continued on Objection to Application to Employ

40. Docket No. 55 – United States Trustee's Motion to Dismiss Case

41. Docket No. 56 – Notice of U.S. Trustee's Motion to Dismiss Case

42. Docket No. 59 – Debtor's Response to U.S. Trustee's Motion to Dismiss Case

43. Docket No. 60 – Certification of Service of Debtor's Response to U.S. Trustee's Motion
        to Dismiss Case

44. August 24, 2021 – [missing Docket Entry indicating that §341(a) Meeting of Creditors
        was held and concluded

45. Docket No. 61 – Amended Verified Statement of Proposed Counsel in Support of
        Application to Employ [Counsel for Debtor]

46. Docket No. 62 – Hearing Continued on Objection to Application to Employ

47. Docket No. 65 – Order Governing Procedures At Evidentiary Hearing Conducted
        Remotely by Videoconference

48. Docket No. 67 – U.S. Trustee Witness and Exhibit List

49. Docket No. 68 – Wilmington Trust [National Association] Exhibit List

50. Docket No. 69 – Debtor's Pre-Trial Statement [Witness and Exhibit List]

51. Docket No. 70 – Wilmington Trust, National Association Motion to Quash Subpoena

52. Docket No. 71 – Wilmington Trust, National Association Motion to Expedite Hearing
        [on] Motion to Quash Subpoena

53. Docket No. 72 – Order Granting Wilmington Trust, National Association Motion to
        Expedite Hearing [on] Motion to Quash Subpoena

54. Docket No. 73 – Certification of Service re: Wilmington Trust, National Association Expedited Motion to Quash [Subpoena]

55. Docket No. 74 – Certification of Service (Proof of Service of Subpoena to Michael McKeever, Esquire)

56. Docket No. 75 – Hearing Held on Application to Employ Regional Bankruptcy Center of Southeastern PA, P.C. as Counsel for Debtor. … ORDER DENYING

57. Docket No. 76 – Hearings Held on Wilmington Trust National Association Motion for Relief from Stay Nunc Pro Tunc and Motion to Quash [Subpoena]. … ORDERS ENTERED

58. Docket No. 77 – Hearing Held on U.S. Trustee's Motion to Dismiss Case. … REVISED ORDER DISMISSING TO BE SUBMITTED.

59. Docket No. 78 – Order entered waiving Motion For Relief From Stay filed by Wilmington Trust, National Association …

60. Docket No. 79 – Order entered Denying Application to Employ Regional Bankruptcy Center of Southeastern PA, P.C. and attorney, Roger V. Ashodian

61. Docket No. 80 – Order entered Granting Motion to Quash Subpoena issued by Debtor "towards" Michael McKeever, Esq. dated October 28, 2021

62. Docket No. 81 – Order entered Granting Motion to Dismiss Case and retaining jurisdiction "and granting other relief"

63. Docket No. 82 – BNC Certificate of Mailing – [of Docket No. 78]

64. Docket No. 83 – BNC Certificate of Mailing – [of Docket No. 79]

65. Docket No. 84 – BNC Certificate of Mailing – [of Docket No. 80]

66. Docket No. 85 – BNC Certificate of Mailing – [of Docket No. 81]

67. Docket No. 86 – Affidavit [of Rebecca Ann Solarz] Re: Attorney's Fees with Regards to Motion to Quash

68. Docket No. 86 – Notice of Appeal to District Court

69. Docket No. 89 – Court Certificate of Mailing in re: Notice of Appeal to District Court …

70. Docket No. 90 – Notice of Docketing Record on Appeal to District Court. Case Number: 21-cv-5145 before the Honorable Judge Gene E.K. Pratter

71. Docket No. 92 – BNC Certificate of Mailing – [Court's Certificate of Mailing of Notice of Appeal]

72. Transcripts of Relevant Portions of colloquies among counsel and the Court at the Hearings on July 14, 2021 (Docket No. 30), July 21, 2021 (Docket Nos. 48, 49, 50), August 25, 2021 (Docket No. 62), and November 4, 2021 (Docket Nos. 75, 76, 77)

## II. STATEMENT OF ISSUES ON APPEAL

1.      Whether the Bankruptcy Court erred in denying the Application to Employ Regional Bankruptcy Center of Southeastern PA, P.C. as Counsel for Debtor (Order entered at Docket No. 79), without taking any testimony or considering any evidence regarding whether or not proposed counsel for Debtor had any conflict of interest in representing the Debtor that would disqualify proposed counsel from representing the Debtor in the case.

2.      Whether the Bankruptcy Court erred in denying the Application to Employ Regional Bankruptcy Center of Southeastern PA, P.C. as Counsel for Debtor (Order entered at Docket No. 79), solely on the basis: (a) that proposed counsel for the Debtor had provided some, but not all, of the additional information requested by the United States Trustee in response to the United States Trustee's Objection to the Application to Employ (Docket No. 13), (b) colloquy(ies) that took place at the hearings on July 14, July 21, and/or August 25, 2021, and (c) proffers regarding other communications between proposed counsel for Debtor and George Conway, staff attorney for the United States Trustee, when the Court was aware that the United States Trustee had also filed a Motion to Dismiss the case and the Debtor had raised the issue that the information sought by the United States Trustee that was not provided was sought by the United States Trustee to support its Motion to Dismiss and was not legitimately sought in connection with determining whether or not a conflict of interest existed.

3.      Whether, after denying the Application to Employ Regional Bankruptcy Center of Southeastern PA, P.C. as Counsel for Debtor, leaving the Debtor without counsel, especially without any warning at three prior hearings that the Debtor was at risk of being barred from

presenting any defense to the Wilmington Trust National Association Motion for Relief from

Stay Nunc Pro Tunc (Docket No. 19), and to the United States Trustee's Motion to Dismiss Case

(Docket No. 55), knowing that the Debtor had alleged significant defenses in the Debtor's

Responses to each Motion (Docket Nos. 32 and 59, respectively) the Bankruptcy Court erred

and/or abused its discretion in proceeding with the hearings on the other three outstanding

matters scheduled on November 4, 2021, barring the Debtor from presenting any defense to

those remaining matters (the third was the Expedited Motion of Wilmington Trust, National

Association to Quash Subpoena, Docket No. 70).

      4.    Whether the Bankruptcy Court erred and/or abused its discretion in granting

Wilmington Trust, National Association an expedited hearing on the Motion to Quash Subpoena

(Docket No. 70), when Wilmington Trust, National Association blatantly ignored and failed even

to allege compliance with Local Bankruptcy Rule 5070-1(g)(1), requiring that:

> Consultation. A party who desires to obtain a hearing date earlier than the hearing
> date that would ordinarily be assigned under subdivision (a) of this rule or other
> expedited consideration, to the extent practicable, shall consult with all other
> interested parties to attempt to reach an agreement that an expedited hearing is
> appropriate and on the suggested hearing date or dates;

when the Bankruptcy Court's frequent practice in the past with respect to requests for expedited

consideration of Motions was to go beyond the Local Rule's requirements to require actual

consent by the opposing party to expedited consideration and a mutually agreeable date for such

an expedited hearing, effectively giving Debtor's proposed counsel, and ultimately the Debtor

(see Docket Nos. 75 and 79) no opportunity to either oppose the expedited hearing request or to

prepare to defend the Motion to Quash Subpoena (counsel for Wilmington Trust, National

Association was aware of the subpoena beginning on October 28 or 29, 2021, when the first

attempt to serve the subpoena was rejected by the building security officer at counsel for

Wilmington Trust, National Association's office).

5.      Whether the Bankruptcy Court erred and/or abused its discretion in granting

Wilmington Trust, National Association's Motion to Quash Subpoena and awarding attorneys'

fees as a sanction for serving the subpoena when counsel for Wilmington Trust, National

Association evaded service of the subpoena on two earlier dates, and the Court based granting

the Motion to Quash without holding an evidentiary hearing on a non-existent "per se" rule

under which the Court indicated that fourteen (14) days advance service of the subpoena was

required, and further erred and/or abused its discretion by: (a) awarding attorneys' fees as a

sanction in an amount that would be excessive, both as to time and rate, if allowed without

documentation based on the affidavit submitted (Docket No. 86), (b) when the only mention of

seeking an award of attorneys' fees was in the body of the Expedited Motion, not in the prayer

for relief; and (c) when the Debtor was provided no opportunity to respond to Wilmington Trust,

National Association's request for an award of attorneys' fees as a sanction, inter alia, because of

the Court's denying the Application to Employ Regional Bankruptcy Center of Southeastern PA,

P.C. as Counsel for Debtor (*see* Docket Nos. 8 and 79).

6.      Whether the Bankruptcy Court erred and/or abused its discretion in annulling the

automatic stay in response to the Wilmington Trust, National Association Motion seeking relief

from the automatic stay "*nunc pro tunc*", when such relief from stay under 11 U.S.C. §362(a) is

not permitted under the Bankruptcy Code, thereby improperly denying the Debtor any chance to

enforce the automatic stay that is a cornerstone of the Bankruptcy Code, and giving license to

mortgage lenders and Sheriff's Offices to knowingly ignore bankruptcy filings by conducting a

Sheriff's sale with impunity in the belief that such lenders can later seek a Bankruptcy Court's

blessing for such violations, especially in light of the Court's denying the Debtor the opportunity

to present a defense to the Motion for Relief including, but not limited to, the fact that

Wilmington Trust, National Association agreed to a loan modification and accept more than

$200,000 in payments from the Debtor and the Debtor's predecessors in interest, both pre-

petition and post-petition.

7.      Similarly, whether Bankruptcy Court erred and/or abused its discretion in granting

the United States Trustee's Motion to Dismiss the case, having suggested and signaled that such

dismissal would be favorably entertained even before the Motion to Dismiss was filed, and when

the grounds of "bad faith" for dismissal alleged by the United States Trustee are not supported by

facts or the Bankruptcy Code and the Court gave no consideration to the Debtor's reorganization

purpose in filing the case, and again, especially because the Court denied the Debtor any

opportunity to present a defense to the Motion to Dismiss filed by the United States Trustee.


Respectfully Submitted,
GIARAMITA LAW OFFICES, P.C., BY:


_____

Michael Antonio Giaramita, Jr.
Attorney ID #319299
157 Little Conestoga Road
2nd Floor
Chester Springs, PA  19425

Attorney for Appellant